UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KOSAR FATEH**, *et al.*,<br><br>       *Plaintiffs,*<br><br>v.<br><br>**ANTONY J. BLINKEN**, Secretary of State, *et al.*,<br><br>       *Defendants.* | Case No. 1:23-cv-1277-RCL |

## MEMORANDUM OPINION

Plaintiffs are five Iranian citizens who applied for nonimmigrant visas at the United States Embassy in Yerevan, Armenia. Their Iranian citizenship complicates their ability to receive a visa because Iran is a state sponsor of terrorism. Plaintiffs contend that the lengthy periods they have spent awaiting final decisions on their visa applications amount to unreasonable delay in violation of the Administrative Procedure Act. They therefore seek declaratory, injunctive, and mandamus relief ordering defendants to finish processing their visa applications.

Now before the Court is defendants' motion to dismiss plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon consideration of the briefing, the relevant authorities, and the record as a whole, the Court will **GRANT** defendants' Second Motion to Dismiss and **DISMISS** plaintiffs' Amended Complaint in its entirety.[1] The claims of two of the five plaintiffs are moot because the United States Department of State has issued their visas. As for the remaining plaintiffs, the Court will dismiss their claims because plaintiffs did not address—and thus conceded—defendants' argument that they lack standing.

---

[1] Before plaintiffs amended their complaint, defendants filed a motion to dismiss the original complaint. *See* 1st MTD, ECF No. 5. This motion will be **DENIED AS MOOT**.

1

## I. BACKGROUND

The Court will first discuss the statutory and regulatory background to this case, before turning to the facts and procedural history of this specific dispute.

### A. Legal Background

A foreign student who wishes to study at a United States academic institution may apply for an "F-1" non-immigrant visa. *See* 8 U.S.C. § 1101(a)(15)(F)(i). If the student is admitted, his or her spouse or minor children may be eligible an "F-2" visa. *See id.* § 1101(a)(15)(F)(ii). A person applying for an F-1 or F-2 nonimmigrant visa typically must submit to an in-person interview with a consular officer. *See id.* § 1202(h). The applicant bears the burden of proof to establish eligibility to the satisfaction of the consular officer. *Id.* § 1184(b); 42 C.F.R. § 41.11(a). When an applicant has properly executed a visa application, the officer must either issue or refuse the visa. *See* 22 C.F.R. § 41.121(a). The consular officer may not issue a visa if:

> (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under [8 U.S.C. § 1182] of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under [8 U.S.C. 1182], or any other provision of law:

8 U.S.C. §1201(g).

"In cases where the officer requires additional information to determine the applicant's eligibility, however, he may refuse the visa pending further 'administrative processing.'" *Khazaei v. Blinken*, No. 23-cv-1419 (JEB), 2023 WL 6065095, at *1 (D.D.C. Sept. 18, 2023) (citing U.S. Administrative Processing Information, U.S. Dep't of State, https://bit.ly/2GO3jEg [https://perma.cc/NK8K-9U8H] (last visited Sept. 5, 2023)). The State Department provides the status of each application on its public website. *See id.* (citing Visa Status Check, U.S. Dep't of State, http://tinyurl.com/52px458z [https://perma.cc/SBV4-AT2N] (last visited Sept. 5, 2023)).

One ground for refusing a visa is set forth in 8 U.S.C. § 1735(a), which provides that no nonimmigrant visa may be issued to a noncitizen from a country that is designated a state sponsor of terrorism "unless the Secretary of State determines, in consultation with the Attorney General and the heads of other appropriate United States agencies, that such alien does not pose a threat to the safety or national security of the United States." 8 U.S.C. § 1735(a). Since 1984, one such state sponsor of terrorism has been Iran. *See* State Sponsors of Terrorism, U.S. Dep't of State, http://tinyurl.com/mtd2aasf [https://perma.cc/CBT2-2C87] (last visited Feb. 26, 2024).

B. **Factual Background**

Plaintiffs are five Iranian citizens who reside in Iran. Am. Compl. ¶ 20, ECF No. 6; Am. Compl. Ex. A 10, ECF No. 6-1; Am. Compl. Ex. B 26; Am. Compl. Ex. C 43; Am. Compl. Ex. D 55; Am. Compl. Ex. E 68. Each filed a nonimmigrant visa application with the State Department, participated in an interview at the U.S. Embassy in Yerevan, Armenia, and submitted subsequent questionnaires concerning employment, travel, and address history. Am. Compl. ¶¶ 31–33. Plaintiffs allege that their applications were refused and are still pending administrative processing. *Id.* ¶¶ 34, 36–37.

1. **Kosar Fateh**

Plaintiff Kosar Fateh applied for an F-2 visa on December 4, 2021 and submitted to a visa interview on January 27, 2022. Am. Compl., Ex. A 3. A U.S. consular officer adjudicated and refused her visa application. *See* Visa Status Check, U.S. Dep't of State Consular Elec. Application Ctr., http://tinyurl.com/52px458z [https://perma.cc/GZ3S-H5XJ] (last visited Feb. 26,

2023).[2]  Plaintiffs allege that the U.S. Embassy in Yerevan reported that Fateh's visa application remains in administrative processing.  *See* Am. Compl., Ex. A 3.

### 2. Naser Einollahi

Plaintiff Naser Einollahi applied for an F-1 visa on January 27, 2022 and submitted to a visa interview on February 4, 2022.  Am. Compl., Ex. B 19.  A U.S. consular officer adjudicated and refused his visa application.  *See* Visa Status Check, U.S. Dep't of State Consular Elec. Application Ctr., http://tinyurl.com/52px458z [https://perma.cc/GZ3S-H5XJ] (last visited Feb. 26, 2023).

### 3. Niloofar Javidi Moshtaghin

Plaintiff Niloofar Javidi Moshtaghin applied for an F-1 visa on March 16, 2022 and submitted to a visa interview on March 18, 2022.  Am. Compl., Ex. C 37.  On July 26, 2023, the State Department completed processing her application and issued her a nonimmigrant visa.  *See* Visa Status Check, U.S. Dep't of State Consular Elec. Application Ctr., http://tinyurl.com/52px458z [https://perma.cc/GZ3S-H5XJ] (last visited Feb. 26, 2023).

### 4. Sepideh Zafari Naeini

Plaintiff Sepideh Zafari Naeini applied for an F-1 visa on June 13, 2022 and submitted to a visa interview on June 17, 2022.  Am. Compl., Ex. D 51.  On August 12, 2023, the State Department completed processing her application and issued her a nonimmigrant visa.  *See* Visa

---

[2] A court considering a motion to dismiss for lack of subject matter jurisdiction "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim." *Doe v. Wash. Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020).  Since the information about the status of plaintiffs' visa applications is available on the State Department's public website, the Court will take judicial notice of this information. *See, e.g.*, *Arab v. Blinken*, 600 F. Supp. 3d 59, 63 n.1 (D.D.C. 2022) ("The Court may take judicial notice of information posted on official public websites of government agencies." (citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013)).

Status Check, U.S. Dep't of State Consular Elec. Application Ctr., http://tinyurl.com/52px458z [https://perma.cc/GZ3S-H5XJ] (last visited Feb. 26, 2023).

### 5. Soheil Naghshi

Plaintiff Soheil Naghshi applied for an F-1 visa on January 30, 2022 and submitted to a visa interview on February 4, 2022. Am. Compl., Ex. E 62. A U.S. consular officer adjudicated and refused his visa application. *See* Visa Status Check, U.S. Dep't of State Consular Elec. Application Ctr., http://tinyurl.com/52px458z [https://perma.cc/GZ3S-H5XJ]. Plaintiffs allege that the U.S. Embassy in Yerevan reported on March 15, 2023 that his visa application remains in administrative processing. Am. Compl., Ex. E 63.

### C. Procedural Background

In May 2023, plaintiffs filed a civil action alleging violation of the Administrative Procedure Act's requirement that agency action take place "within a reasonable time," 5 U.S.C. § 555(b), and seeking declaratory and injunctive relief as well as a writ of mandamus. *See* Compl., ECF No. 1. Specifically, they asked the Court to compel defendants to complete the background checks for and processing of their visa applications. *See id.* 14. Plaintiffs brought suit against Antony J. Blinken, in his official capacity as Secretary of State, Merrick Garland, in his official capacity as Attorney General of the United States, Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security, Wendy R. Sherman, in her official capacity as Deputy Secretary of State, Rena Bitter, in her official capacity as Assistant Secretary of State, Richard C. Visek, in his official capacity as Acting Legal Adviser of the State Department, Kristina Kvien, in her official capacity as United States Ambassador to Armenia, and Stephanie Zakhem, Consul of the United States Embassy in Armenia.

Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* 1st MTD, ECF No. 5. Plaintiffs then amended their complaint. *See* Am. Compl. Defendants again moved to dismiss, invoking the same rules. *See* 2d MTD, ECF No. 7. Defendants raised seven arguments: (1) plaintiffs lack standing; (2) certain plaintiffs' claims are moot; (3) there is no non-discretionary duty to adjudicate any particular nonimmigrant visa application; (4) plaintiffs' claims present a non-justiciable political question; (5) certain defendants are improper because they have no role in adjudicating plaintiffs' applications; (6) plaintiffs' claims are precluded by consular nonreviewability doctrine; and (7) on the merits, plaintiffs did not plausibly allege unreasonable delay under the factors established in *Telecommunications Research & Action Center v. Federal Communications Commission* (TRAC), 750 F.2d 70 (D.C. Cir. 1984). *Id.* 1–3. Plaintiffs filed an opposition, in which they largely ignored all but defendants' seventh argument. *See* Pls.' Opp'n, ECF No. 8. Defendants filed a reply. *See* Reply, ECF No. 12.

These motions are now ripe for review.

## II.   LEGAL STANDARDS

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A defendant in a civil action may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). If the Court lacks subject matter jurisdiction, it must dismiss the claim or action. Fed. R. Civ. P. 12(h)(3). A court considering a motion to dismiss for lack of subject matter jurisdiction must take all the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Doe v. Wash. Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020). "However, those factual allegations receive closer scrutiny than they do in the Rule 12(b)(6)

6

context," and the court "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim." *Id*.

One situation in which a court lacks subject-matter jurisdiction is if the case becomes moot—that is, when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citation and quotation omitted). "Under the mootness doctrine, we cannot decide a case if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Indeed, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990)).

Another instance in which subject-matter jurisdiction is absent is if a plaintiff lacks Article III standing. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The plaintiff bears the burden of establishing standing by demonstrating (1) a concrete injury in fact that is (2) traceable to the complained-of conduct and (3) redressable by the relief sought. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992).

### III. DISCUSSION

The Court will dismiss as moot defendants' first motion to dismiss. But the Court will grant the second motion to dismiss. Since plaintiffs Moshtaghin and Naeini have now received their vias, their claims are moot. And since plaintiffs did not contest defendants' arguments that they lack standing, the Court will treat those as conceded and dismiss the remaining claims.

#### A. Defendants' First Motion to Dismiss Is Moot

On July 5, 2023, defendants filed a motion to dismiss plaintiffs' original complaint. *See* 1st MTD. However, plaintiffs later filed an amended complaint as a matter of course. Am. Compl.; *see* Fed. R. Civ. P. 15(a)(1)(B). The amended complaint is now the operative pleading, and the prior pending motion to dismiss may be dismissed without prejudice as moot. *See, e.g.*, *Easter v. District of Columbia*, 128 F. Supp. 3d 173, 177 (D.D.C. 2015). Accordingly, the Court will dismiss as moot defendants' first motion to dismiss.

#### B. The Claims of Plaintiffs Moshtaghin and Naeini Have Become Moot

The State Department's issuance of visas to Moshtaghin and Naeini mooted their claims.

In their motion to dismiss, defendants argued that because the consular officer had issued Moshtaghin a nonimmigrant visa, her claim was now moot. 2d MTD 14. Plaintiffs did "not object to the dismissal of Niloofar Javidi Moshtagghin [sic] and her claims, since her F nonimmigrant visa was issued to her." Pls.' Opp'n 5. In their reply, defendants then contended that Naeini's claim had also become moot for the same reason. Reply 1–2.

The claims of Moshtaghin and Naeini are moot because they have each received a visa. The relief sought by plaintiffs was adjudication of their visas. *See* Am. Compl. 12. For Moshtaghin and Naeini, that has already occurred. And fortunately for them, the State Department approved their applications. This intervening circumstance has mooted their claims, because any

"legally cognizable interest" once held by these two plaintiffs has evaporated. *See City of Erie*, 529 U.S. at 287.

Indeed, this Court and other courts in this district have dismissed claims concerning visa applications as moot once the government has made a final decision on the visa application. *See, e.g.*, *Joorabi v. Pompeo*, 464 F. Supp. 3d 93, 103 (D.D.C. 2020) (Lamberth, J.) ("Any claim with respect to an underlying visa application itself is thus moot, as the government already made a final decision about that application."); *Sayad v. United States Dep't of Homeland Sec.*, No. 20-cv-2333 (TSC), 2022 WL 4130840, at *2 (D.D.C. Sept. 12, 2022) (dismissing claims as moot because consular officer had issued final decision on visa application, thus remedying challenged withholding and delay); *Aboutalebi v. Dep't of State*, No. 19-cv-2605 (TJK), 2019 WL 6894046, at *2 (D.D.C. Dec. 18, 2019) (same).

The Court will thus dismiss Moshtaghin and Naeini's claims as moot.

### C. By Failing to Respond to Defendants' Standing Argument, Plaintiffs Conceded They Lack Standing

The Court will dismiss the claims of the remaining plaintiffs, because plaintiffs failed to respond to, and thus conceded, defendants' arguments that they lack standing.

Defendants have disputed at length plaintiffs' standing to bring this case. First, they argue that because plaintiffs are unadmitted, non-resident noncitizens, they have not suffered cognizable injuries in fact from their visa delays. *See* 2d MTD 8–13. Second, they contend that even if plaintiffs have cognizable injuries, the requested relief of requiring the State Department to re-adjudicate their applications would not redress their alleged injuries. *See id.* 13–14. Third, they argue that even if plaintiffs' injuries are redressable by the defendants with a role in adjudicating visa applications, they are not redressable by the defendants without such a role. *See id.* 23–26.

9

Surprisingly, plaintiffs chose not to respond to these arguments. *See* Pls.' Opp'n. Their opposition to the motion to dismiss focused almost entirely on the merits question of whether the agency delay was reasonable under the *TRAC* factors. *See id.* 6–12. Plaintiffs string-cited fifteen cases for the proposition that "[c]hallenges to the pace of visa adjudications are not barred by the 'doctrine of consular nonreviewability.'" *See id.* 4–5. They then stated that "[b]ased on the weight of the decisions listed above, Plaintiffs ask that this Court find that it has subject-matter jurisdiction to hear their complaint under the Administrative Procedure Act." *Id.* 5. They also mentioned that they did not object to dismissing Moshtaghin's claims as moot. *Id.* That is the extent of plaintiffs' engagement with defendants' various threshold arguments. Nowhere in the opposition did plaintiffs mention the word "standing," let alone make even the most minimal effort to rebut defendants' standing arguments. Merely asserting that the Court has subject matter jurisdiction does not suffice, because "[j]udges are not expected to be mindreaders" and "[c]onsequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)).

Since plaintiffs decided not to address the argument that they lack standing, the Court will treat this argument as conceded. "It is well-understood that 'if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.'" *Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)); *see* LCvR 7(b) (providing that if an opposition "memorandum is not filed within the prescribed time, the Court may treat the motion as conceded"). Courts in this district have applied this general rule to plaintiffs' failure to respond to a challenge to their standing. *See, e.g.*, *Zakiya v. United States*,

10

267 F. Supp. 2d 47, 54 (D.D.C. 2003) ("Plaintiff fails to address defendants' standing argument in either his originally filed opposition or in his supplemental opposition. This alone is justification for dismissal of his request for injunctive relief."); *Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 40 (D.D.C. 2008) (granting a motion to dismiss for lack of standing in part because "where 'a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.'" (quoting *Fox v. Am. Airlines, Inc.*, 295 F. Supp. 2d 56, 58 (D.D.C. 2003), *aff'd*, 389 F.3d 1291 (D.C. Cir. 2004)); *Jefferson v. District of Columbia*, No. 22-cv-1436 (RC), 2023 WL 4250118, at *3 (D.D.C. June 29, 2023) ("Despite his burden to demonstrate standing, Mr. Jefferson does not respond at all to this argument [that he lacks standing] and therefore concedes a lack of standing."); *Perez v. Becerra*, No. 1:21-cv-02039 (TNM), 2022 WL 1102203, at *4 (D.D.C. Apr. 13, 2022) ("[T]he Perezes failed to address the Department's standing arguments in their opposition to the motion to dismiss . . . . So they conceded these arguments . . . . This is independent and sufficient grounds for dismissal." (internal citations omitted)), *aff'd*, No. 22-5107, 2023 WL 2815917 (D.C. Cir. Apr. 5, 2023); *Coe v. Holder*, No. 13-cv-184 (RLW), 2013 WL 3070893, at *2 n.3 (D.D.C. June 18, 2013) ("Plaintiffs did not respond to this argument [that certain plaintiffs lack standing], and the Court treats it as conceded.").

The Court thus has discretion to treat these unaddressed arguments as conceded and dismiss the remaining plaintiffs' claims for lack of standing. There are good reasons for a court to be wary of deciding legal questions that have been briefed by one side only. One of the "functional requisites of effective adjudication" is "adversary presentation as an aid to the accurate determination of factual and legal issues." Richard H. Fallon, Jr. et al., *Hart and Wechsler's the Federal Courts and the Federal System* 75 (7th ed. 2015) (internal quotation and citation omitted);

11

*see also Baker v. Carr*, 369 U.S. 186, 204 (1962) (noting that Article III's standing requirement ensures the "concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions"). When one party cedes the field to the other, it may be more prudent for the Court to accept its surrender rather than decide the legal questions without the benefit of adversary presentation. The Court will therefore exercise its discretion to treat as conceded defendants' argument that plaintiffs lack standing, and will dismiss the claims of the remaining plaintiffs on that basis.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **DISMISS AS MOOT** defendant's first motion to dismiss, **GRANT** defendants' second motion to dismiss, and **DISMISS** plaintiffs' Amended Complaint.

A separate order consistent with this Memorandum Opinion shall issue.

Date: 2/29/24

Royce C. Lamberth
United States District Judge